UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

SUSAN L. EASTER,                )
                                )
        Plaintiff,               )
                                )
v.                              )   Case No. 11-CV-766-JED-FHM
                                )
DIRECTV CUSTOMER SERVICES,      )
INC.,                           )
                                )
        Defendant.               )

**OPINION AND ORDER**

Defendant's *Motion to Compel Plaintiff to Give Non-Evasive Deposition Testimony and Motion for Sanctions* [Dkts. 28 and 30] are before the court for decision. Plaintiff has filed a Response [Dkt. 36] and Defendant has filed a Reply [Dkt. 37].

Defendant contends that at Plaintiff's deposition, Plaintiff gave evasive, non-responsive answers to nearly all of Defendant's counsel's questions, that Plaintiff's attorney encouraged Plaintiff's evasive tactics, and that after several hours it became apparent the deposition was futile causing Defendant to terminate the deposition. Defendant seeks a continuation of the deposition before a Magistrate Judge and sanctions against Plaintiff and Plaintiff's attorney.

Plaintiff responds that the problems at the deposition were caused by Defendant's attorney's repeated interruptions of the witness and Defendant's attorney's attempts to harass and intimidate the witness.

The court has watched the excerpts of the video of the deposition provided by Defendant and read the entire transcript of the deposition provided by Plaintiff. Although there were some difficulties during the deposition, contributed to by the witness and both

1

attorneys, those difficulties did not rise to the level of bad faith or frustrate the fair examination of the deponent.  Fed.R.Civ.P. 30(d).

At times the witness was overly cautious and suspicious of the questions and she sought to leave some aspects of her answers vague.  At times the witness also gratuitously presented her view of the case as part of her response.  But in response to many questions, the witness was directly responsive.

At times Defendant's counsel interrupted the witness's response and argued with the witness.  Defendant's counsel also engaged in unnecessary argument with Plaintiff's attorney.

For his part, Plaintiff's attorney did not attempt to assist the witness in being more responsive and unnecessarily insisted on the witness being permitted to complete all of her responses even when it was clear that the process had gotten off track.  Plaintiff's counsel also engaged in unnecessary arguments with Defendant's attorney.

Despite these shortcomings by each of the participants, on the whole, the deposition was not unproductive.  The witness was providing responsive, relevant information and the attorneys were conducting themselves civilly.

Defendant's request for a continuation of the deposition before a Magistrate Judge is denied.  There is no reason why the witness and attorneys cannot complete this deposition by themselves with a good faith effort by all participants.

Defendant's request for sanctions is also denied.  Each of the participants bear some responsibility for the difficulties at the deposition.

Defendant is permitted to resume the deposition but is limited to the time remaining from the original 7 hour limitation. Fed.R.Civ.P. 30(d)(3)(B). Each side will bear their own fees related to this motion.

IT IS SO ORDERED THIS 4th day of June, 2013.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE